UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBYN KAHN,

    Plaintiff,

v.                                        Case No. 8:23-cv-1257-KKM-NHA

PASCO COUNTY SCHOOL DISTRICT,

    Defendant.
_____/

## ORDER

Defendant's Motion to Compel Plaintiff's Discovery Responses (Doc. 27) is partially granted and partially denied without prejudice. Plaintiff is ordered to respond to Defendant's discovery requests on or before January 24, 2024. The Court denies without prejudice Defendant's request for fees.

Plaintiff Robyn Kahn sues Defendant Pasco County School District, alleging it interfered with her rights under the Family Medical Leave Act and discriminated against her based on her disability in violation of the Florida Civil Rights Act, when it forbade her to wear a respirator mask. Doc. 1-1.

Defendant alleges that it served Plaintiff with interrogatories and requests for production on August 23, 2023. Doc. 27, p. 2. Defendant asserts Plaintiff failed to timely respond to the discovery requests. *Id.* at 4.

On November 27, 2023, long after the discovery responses were due, and after making "numerous attempts to communicate with the Plaintiff" and receiving no response, Plaintiff's counsel moved to withdraw from the case. Doc. 26. Two days later, Defendant moved to compel Plaintiff's response to its discovery requests. Doc. 27.

Although Plaintiff's counsel was permitted to withdraw from this case with Defendant's motion pending, the Court mailed a copy of Defendant's motion to Plaintiff and ordered Plaintiff to respond to the motion no later than December 29, 2023. Doc. 28. The Court reminded Plaintiff that "she is subject to the same law and rules of court as litigants represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, and may be sanctioned for violating those rules or court orders." *Id.* at 2.

The Court's orders, mailed to Plaintiff, were returned, marked "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." Doc. 29. On December 15, 2023, as a courtesy to Plaintiff, the Clerk's office e-mailed her a copy of Defendant's motion to compel (Doc. 27) and of the order setting the December 29, 2023 response deadline (Doc. 28).[1] Doc.

---

[1] The Court also reminded Plaintiff of her obligation to update her address with the Clerk. Doc. 30. Plaintiff has not done so.

30. Again, the Court reminded Plaintiff, "A person no longer represented by counsel must comply with the rules and comply with the deadlines." *Id.* at 2 (quoting Local Rule 2.02(c)(4)). Plaintiff nonetheless failed to respond to Defendant's motion to compel.

On January 4, 2024, the Court scheduled a hearing on Defendant's motion to compel and directed Plaintiff to come to the hearing prepared to show cause why the Court should not consider Defendant's motion unopposed. Doc. 32. The hearing, scheduled for January 10, was twice noticed on the Court's docket (*see* Docs. 32 and 33), and copies of the order setting the hearing were mailed and emailed to Plaintiff. The Court also left voicemails at the phone number Plaintiff's former attorney provided for Plaintiff, alerting her to the hearing.

Plaintiff failed to appear at the January 10, 2024 hearing on the motion to compel. Doc. 34; *see Pinkston v. Univ. of S. Fla. Bd. of Trustees*, 715 F. App'x 877, 881 (11th Cir. 2017) (noting a hearing is not ex parte where "Plaintiff "simply failed to participate and let anyone know that she would not attend"). Plaintiff has not responded to Defendant's motion to compel (Doc. 27), nor the Court's order to show cause (Doc. 32).

## Analysis

Failing to timely object to discovery requests may waive objections to those requests. *See* FED. R. CIV. P. 33(b)(4) (as to interrogatories, "[a]ny ground

3

not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *see also* Middle District Discovery Handbook (2021) at §§ III.A.6., IV.B.1 ("Absent compelling circumstances, failure to assert an objection to a request for production [or interrogatory] within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel.")

Similarly, a party typically has fourteen days to oppose a motion, and, "[i]f a party fails to timely respond, the motion is subject to treatment as unopposed." Local Rule 3.01(c), M.D. Fla.

The Court deems Defendant's motion to compel to be unopposed. Plaintiff did not timely respond to it, and she failed, notwithstanding a Court order (Doc. 32), to show cause why the motion should be considered contested. Plaintiff also failed to timely object to any of the discovery requests at issue in the motion. And Plaintiff failed to appear before the Court on January 10 to oppose either Defendant's motion or the discovery requests therein. Accordingly, I find Plaintiff's objections to the discovery requests are waived, and I treat Defendant's motion as unopposed. While some of Defendant's discovery requests appear somewhat broad, I find that they are subject to a narrow construction such that they are sufficiently tailored to the needs of the case.

Accordingly, it is ORDERED that:

(1) Defendant's motion to compel (Doc. 27) is GRANTED, IN PART. Plaintiff shall respond to Defendant's interrogatories and requests for production on or before January 24, 2024.

(2) Defendant shall notify the Court whether Plaintiff has complied with this Order, by filing a notice on January 25, 2024.

(3) I deny without prejudice Defendant's motion for fees under Federal Rule of Civil Procedure 37(a)(5). Defendant may refile the motion if it believes it can demonstrate why an award of expenses would be just, despite Plaintiff's loss of counsel, the liberal treatment afforded pro se litigants, and the inability to confirm that she received *actual* notice of the motion to compel and Court's orders concerning it.

(4) The Clerk's office is directed to send a copy of this order to the physical address and the email address provided for Ms. Kahn in Docket Number 26.

**ORDERED** in Tampa, Florida, on January 10, 2024.

*[signature: Natalie Hirt Adams]*
NATALIE HIRT ADAMS
United States Magistrate Judge