UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBYN KAHN,

    Plaintiff,

v.                                                   Case No: 8:23-cv-01257-KKM-NHA

PASCO COUNTY SCHOOL DISTRICT,

    Defendant.
_____

## ORDER

Plaintiff Robyn Kahn has repeatedly failed to comply with this Court's orders despite multiple opportunities to do so. Most recently, she failed to respond to the show-cause order directing her to explain why the case should not be dismissed for failure to respond to discovery requests and for failure to attend the in-person hearing addressing Defendant's motion to compel. *See* (Doc. 39). Kahn never responded, despite that deadline passing weeks ago. Due to Kahn's pattern of noncompliance, Defendant Pasco County School District moves for sanctions under Federal Rules of Civil Procedure 37 and 41, requesting that the case be dismissed. (Doc. 43). I agree that a sanction in the form of dismissal is warranted on account of Kahn's habitual and willful noncompliance with Court orders. Accordingly, I grant the Defendant's motion for the reasons the motion articulates.

Alternatively (but for substantially the same reasons), I dismiss for failure to respond to the show-cause order, in line with the warning that I already provided in that order.

Federal Rules of Civil Procedure 37 and 41(b) and a court's "inherent authority" empower a court to sanction an uncooperative party, including through dismissal. *Degen v. United States*, 517 U.S. 820, 827 (1996) ("A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case."); *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."); *see also World Thrust Films, Inc. v. Int'l Fam. Ent., Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) (per curiam) ("A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules." (quotations omitted)).

Specifically, Rule 37 permits a district court to impose sanctions for not obeying a discovery order. Under Rule 37(b)(2), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may" enter an order "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). In addition to dismissing the action, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* 37(b)(2)(C).

Kahn has repeatedly failed to comply with court orders requiring her to respond to the School District's discovery requests despite multiple second chances to do so.

The School District first served its request for production and request for interrogatories on Kahn in August 2023. After Kahn's counsel moved to withdraw from the case and the School Board had not received responses to its discovery requests, the School Board moved to compel responses to its discovery request in November 2023. (Doc. 27). The Court set a hearing and ordered Kahn to show cause why the motion should not be treated as unopposed. (Doc. 32). Kahn never responded to the show cause order and did not attend the hearing. *See* (Doc. 34). The Court then granted the School District's motion in part and ordered Kahn to respond to the School District's discovery requests no later than January 24, 2024. (Doc. 35). Kahn failed to do so. The Court then entered another show cause order requiring Kahn to explain why the case should not be dismissed due to her noncompliance with various court orders. (Doc. 39). Kahn did not respond to that show cause order either.

In sum, Kahn has repeatedly displayed a pattern of noncompliance as detailed above by (1) disobeying discovery orders that directed her to timely and properly respond to the School District's discovery requests, (2) failing to appear at a scheduled hearing regarding her discovery obligations, and (3) disregarding multiple court orders requiring her explain her failure to comply. Although "[d]ismissal with prejudice is the most severe Rule 37

3

sanction," *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993), it is warranted in this case. "[D]ismissal may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith[,] or fault." *Id.*; *see also Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015) (explaining that dismissal with prejudice is warranted "when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." (quotations omitted)).

Kahn's conduct constitutes, at best, a clear pattern of delay that supports an inference of willful disregard for the Court's orders. Although the Court understands that Kahn is now proceeding pro se (counsel stated in his motion to withdraw that he "ha[d] made numerous attempts to communicate with [Kahn] and . . . received no response," *see* (Doc. 26)), pro se status does not justify simply abandoning an active case for months at a time. And no lesser sanction would suffice. *See Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (explaining that dismissal with prejudice is appropriate if the district court finds that a lesser sanction would not suffice); *Weiland*, 792 F.3d at 1321 n.10 (same). Kahn's continued disobedience has been undeterred by the Court's warnings about dismissal, and there is no indication that she plans to ever resume prosecuting the case. Thus, dismissal is the most appropriate remedy.

Accordingly, the following is **ORDERED:**

4

1. The School District's Motion to Dismiss (Doc. 43) is **GRANTED**.

2. This case is **DISMISSED with prejudice** for failure to comply with the Court's orders.

3. The Clerk is directed to enter judgment, which shall read "This case is dismissed with prejudice," to terminate all pending motions and deadlines, and to **CLOSE** this case.

4. The Clerk is directed to mail Kahn a copy of this Order at 10204 Old Orchard Lane, Port Richey, FL 34668, and to email Kahn a copy of this Order at rkahn75@gmail.com.

**ORDERED** in Tampa, Florida, on February 29, 2024.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge